# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**AARON T. OHLINGER,**
**Claimant Below, Petitioner**

**FILED**

December 11, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0971** (BOR Appeal No. 2054182)
(Claim No. 2018010571)

**AMERICAN ELECTRIC POWER COMPANY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Aaron T. Ohlinger, by Counsel Cathy L. Greiner, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). American Electric Power Company, Inc. ("AEP"), by Counsel James W. Heslep, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on November 14, 2017, as untimely filed. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its March 21, 2019, Order. The Order was affirmed by the Board of Review on September 25, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Ohlinger, an electrician, alleges that he was injured in the course of his employment when he received an electric shock in early 2015. Mr. Ohlinger was treated by Renuka Kandula, M.D., on May 1, 2015. The note indicates Mr. Ohlinger initially presented with his mother with complaints of severe fatigue, lack of energy, and weight loss. Mr. Ohlinger returned on May 8, 2015, and Dr. Kandula opined that his fatigue was likely due to depression. Mr. Ohlinger was started on antidepressants. It was noted that Mr. Ohlinger had a prior history of opioid abuse. Dr. Kandula's treatment notes ended on February 1, 2017. During nearly two years of treating Mr. Ohlinger, Dr. Kandula diagnosed opioid addiction that was in remission until a relapse in September of 2016. Mr. Ohlinger underwent rehabilitation and went back into remission.

1

On March 14, 2017, Mr. Ohlinger sought treatment from Mary Hanessian, M.D. She diagnosed opioid dependence in remission, psychosis, and major depressive disorder. Dr. Hanessian opined that Mr. Ohlinger suffered from a complex delusion that began after an electric shock that occurred at work two years prior. His mother also attended the appointment and stated that the shock occurred no more than three years prior. Both Mr. Ohlinger and his mother asserted that Mr. Ohlinger's difficulties began after the electric shock. Dr. Hanessian opined on July 24, 2017, that she had researched electric shock injuries and found that such injuries cause a significantly increased risk of psychiatric illness. On August 28, 2017, Mr. Ohlinger reported that he believed that the ringing in his ears, which had been present for two years, resulted from his electric shock. Dr. Hanessian stated that electrical injuries are known to cause hearing loss and tinnitus.

The Employees' and Physicians' Report of Injury was completed on October 12, 2017, and indicates Mr. Ohlinger alleged an injury to his entire body due to electrical shock. A note from Mr. Ohlinger was attached. He stated that he was electrocuted in the winter of 2015 and that he took three days off after the injury. He asserted that he did not seek immediate treatment because he did not know how seriously he was injured at that time. The claims administrator rejected the claim as untimely filed on November 14, 2017.

In a January 10, 2018, letter, Dr. Hanessian stated that Mr. Ohlinger suffered a severe electrical shock while at work, resulting in severe brain injury. Mr. Ohlinger had developed psychosis and a significant decrease in functioning. She opined that Mr. Ohlinger is totally and permanently disabled and will not be able to return to work.

Don Newberry, Ph.D., performed a psychological evaluation on April 24, 2018, in which he opined that Mr. Ohlinger suffered from depression prior to the alleged injury. Following the electrical shock, Mr. Ohlinger developed psychosis, and his functioning sharply declined. Dr. Newberry opined that Mr. Ohlinger's injury caused neuropsychological symptoms beyond depression. He agreed with Dr. Hanessian's diagnoses.

In an October 16, 2018, hearing before the Office of Judges, Mr. Ohlinger testified that he last worked for AEP in December of 2016 when he was instructed to "figure out his issues" before returning to work. Mr. Ohlinger asserted that immediately after he was injured, he reported the injury to John Blankenship, with whom he was working that day. Mr. Ohlinger stated that the injury occurred in winter of 2015, but he did not seek treatment until March 14, 2017. Mr. Ohlinger testified that the electric shock was the result of static electricity, which builds up in substations. He did not require immediate medical treatment for the alleged injury and did not report the injury until October of 2017. Carolyn Ohlinger, Mr. Ohlinger's mother, also testified at the hearing. She stated that the electrical shock occurred in January or February of 2015. Mr. Ohlinger came to her home after the incident and was extremely upset. Ms. Ohlinger stated that Mr. Ohlinger changed after the electrical injury. He developed psychosis, ringing in the ears, and headaches. Ms. Ohlinger stated that she made an appointment for Mr. Ohlinger with Dr. Kandula because "something was not right." Mr. Ohlinger treated with Dr. Kandula from May of 2015 through February of 2017, but she never related his symptoms to his electrical shock. Dr. Hanessian related

Mr. Ohlinger's problems to his electrical injury in July or August of 2017. Randolph Jones also testified at the hearing. He stated that he is Mr. Ohlinger's supervisor. He stated that an injury was never reported by Mr. Ohlinger to a supervisor. Mr. Jones stated that when an employee of AEP is injured, a full investigation is performed. Mr. Jones stated that he had no knowledge of the alleged injury until October of 2017. Though Mr. Ohlinger testified that he reported the injury to Mr. Blankenship, Mr. Blankenship was his coworker, not a supervisor. Mr. Jones stated that if Mr. Ohlinger had suffered a severe electric shock, he would have been immediately transported to the nearest hospital. After reviewing Mr. Ohlinger's personnel file, Mr. Jones stated that he worked regularly and continuously throughout 2015 and 2016 until he was sent home due to job performance issues.

In a November 1, 2018, affidavit, Michael King stated that he is in charge of workers' compensation management for Mr. Ohlinger's work site. Mr. King noted that Mr. Ohlinger filed his application on October 12, 2017, for an injury he allegedly sustained in January or February of 2015. Mr. Ohlinger reported that he missed three days of work following the injury. Mr. King reviewed Mr. Ohlinger's personnel file and found that he did not miss three consecutive days or even a total of three days in January or February of 2015. Mr. King found that Mr. Ohlinger failed to report his alleged injury to his supervisor. He also determined that Mr. Ohlinger continued to work his regular duties throughout 2015 and 2016.

The Office of Judges affirmed the claims administrator's rejection of the claim on March 21, 2019. It found that the Report of Injury was submitted on October 12, 2017, and indicated Mr. Ohlinger was injured in early 2015. Mr. Ohlinger asserted that he did not file his claim at that time because he did not know what caused his injury until he was seen by Dr. Hanessian in 2017. He filed his claim within six months of being diagnosed with a compensable injury. The Office of Judges noted that Mr. Ohlinger was seen by Dr. Kandula numerous times between May 1, 2015 and April 1, 2016. Her reports contain no reference to an electrical shock. The Office of Judges found that Mr. Ohlinger's mother testified that the electrical shock occurred in January or February of 2015. Mr. Ohlinger came to her house that day and was upset about the incident. However, he did not file a claim until 2017. Pursuant to West Virginia Code § 23-4-15(a), a claim for benefits must be filed within six months after the date a work-related injury occurs. The Office of Judges further determined that there is no evidence that the injury was reported to the employer until 2017.

The Office of Judges ultimately found that Mr. Ohlinger did not timely file his application for benefits. It found that Mr. Ohlinger reported the incident to his mother the day that it allegedly occurred. The Office of Judges determined that this indicates Mr. Ohlinger was aware of a work-related incident, yet he did not file a claim. Mr. Ohlinger reported that he missed three days of work after the shock occurred, but his employment records do not corroborate the assertion. In fact, they indicate Mr. Ohlinger worked continuously for almost a year after the injury allegedly occurred. The Office of Judges found that the claim was properly denied. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on September 25, 2019.

After review, we agree with the reasoning and conclusion of the Office of Judges as affirmed by the Board of Review. Though Mr. Ohlinger alleges an injury in early 2015, he did not file a claim for benefits until 2017, clearly more than six months after the injury occurred.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 11, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

4